United States District Court
Southern District of Texas

**ENTERED**

January 26, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUARTNEY ZONTELL DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01491 |
| | § | |
| KELLEY ANDREWS, | § | |
|     Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is a motion to dismiss filed by Defendant Judge Kelley Andrews. (Dkt. 18). Having carefully reviewed the motion, response, and applicable law, the Court **GRANTS** the motion. Accordingly, Plaintiff Quartney Zontell Davis's Amended Complaint (Dkt. 6) is **DISMISSED**.

## FACTUAL BACKGROUND

For purposes of the Court's consideration, the following facts alleged by Plaintiff Quartney Davis ("Davis") in his amended complaint are taken as true.

The State of Texas filed a criminal complaint against Davis and the case was assigned to Judge Kelley Andrews. (Dkt. 6 at 1, 4). Davis subsequently brought this action against Judge Andrews, in both her individual and official capacity, pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242[1] asserting claims for violation of Davis's federal constitutional

---

[1] To the extent that Davis has asserted a claim against Judge Andrews under 18 U.S.C. § 242, the Court finds that this "is a criminal statute with no correlating civil cause of action." *Hebrew v. Houston Media Source, Inc.*, No. 09-CV-3274, 2010 WL 2944439, at *1 n.2 (S.D. Tex. July 20, 2010), *aff'd sub nom. Hebrew v. Houston Media Source*, 453 F. App'x 479 (5th Cir. 2011); *see*

and statutory rights. Davis also asserts Texas state law claims against Judge Andrews.  In support of these claims, Davis alleges that during the prosecution of his criminal case Judge Andrews made various substantive and procedural rulings that denied Davis "all Constitutional rights" and "due process of law."

In this action Davis seeks actual and punitive monetary damages against Judge Andrews as well as injunctive relief. In the pending motion, Judge Andrews asserts that she is entitled to the dismissal of Davis's claims against her because they are barred by judicial and sovereign immunity and Davis has failed to state any legally cognizable claim against her. The Court addresses these arguments below.

## LEGAL STANDARDS

### I.      Federal Rule of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light

---

*Parham v. Clinton*, No. 09–20681, 2010 WL 1141638, at *1 n.1 (5th Cir. Mar. 17, 2010) (unpublished); *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) (18 U.S.C. § 242 does "not provide a private cause of action").  It therefore has no applicability to this civil proceeding.

most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to

[the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## II.      Federal Rule of Civil Procedure 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming*, 281 F.3d at 161. The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008).

## ANALYSIS

Judge Andrews is a Texas state-court judge who presides over Harris County Criminal Court at Law No. 6, and, to the extent Davis seeks monetary relief, his claims against Judge Andrews in her individual capacity are barred by judicial immunity. Davis's claims for monetary damages against Judge Andrew in her official capacity are barred by sovereign immunity. In addition, the *Younger* abstention doctrine requires dismissal of Davis's claims for prospective injunctive relief under Rule 12(b)(1). Finally, to the extent Davis brings state-law claims, the Court declines to exercise supplemental jurisdiction over such claims.

### I.        Judicial Immunity

Davis's claims against Judge Andrews in her individual capacity are barred by judicial immunity. *See Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). "A judge generally has absolute immunity from suits for damages." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)); *see, e.g.*, *Carter v. Duggan*, 455 F.2d 1156, 1158 (5th Cir. 1972) ("We agree with the trial court that the two state judges are cloaked with judicial immunity and may not be subjected to a demand for damages for judicial action or inaction whether the right to damages is asserted to arise under Title 42, U.S.C., Section 1983 or under any other theory of liability.").

"Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction." *Duke v. Wallace*, No. 4:19-CV-3353, 2020 WL 1650768, at *1 (S.D. Tex. Mar. 26, 2020); *see also Stump v.*

*Sparkman*, 435 U.S. 349, 355–56, 360 (1978). Even "if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357 n.7; *see also Harry v. Lauderdale Cnty.*, 212 F. App'x 344, 347 (5th Cir. 2007) (explaining that even where state appellate court held that judge acted without subject matter jurisdiction that holding was "not coterminous with the conclusion that [the judge] acted in 'complete absence of all subject matter jurisdiction'" because if "this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity," and that "proposition seems antithetical to the concerns underlying absolute judicial immunity"); *Wood v. Parker Cnty.*, 463 F. App'x 360, 361 (5th Cir. 2012) ("[T]he judges of the county court at law are entitled to immunity because they did not act in clear absence of all jurisdiction, despite the state appellate court later determining the county court lacked subject matter jurisdiction over the testamentary trust issues presented.").

"This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222. "These factors are broadly construed in favor of immunity." *Id.* at 223.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly[.]"). "The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Here, Davis's amended complaint is devoid of any facts alleging that Judge Andrews acted outside of her judicial capacity. The actions he complains about are judicial in nature. Indeed, Davis's entire complaint centers around how Judge Andrews carried out her normal judicial functions after Davis asked Judge Andrews in her official capacity to dismiss a case—his criminal case—pending before Judge Andrews.  Specifically, citing various cases, rules, and provisions, Davis alleges that Judge Andrews "did not follow statutory procedure," "failed to have a hearing" on his motion to dismiss for lack of subject-matter jurisdiction, "failed to respond" to the motion, denied his motion, and "proceeded with trial without answering Special Appearance Challenging Jurisdiction." He also alleges that Judge Andrews "refuses to rule dismiss the case and move forward without Plaintiff proving jurisdiction upon the Defendant" and appears to allege that Judge Andrews should have "disqualified" or recused herself. He further alleges that Judge Andrews refused to review or "rule on" "documents filed on the record via U.S.P.S. certified mail." All these

allegations concern actions or inactions that fall squarely within Judge Andrews's normal judicial functions (*i.e.*, reviewing documents in the case, evaluating and ruling on motions, determining whether disqualification or recusal are warranted, holding hearings, and conducting trials). *See Carter*, 455 F.2d at 1158.   Davis's conclusory allegations that Judge Andrews acted "outside the scope of her employment" are insufficient to overcome her judicial immunity to his claims**.** *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Dkt. 6 at 1–2, 6, 8).

Davis has also not averred facts showing that Judge Andrews's actions—all judicial in nature—were taken in "the clear absence of all jurisdiction." *See Duke*, 2020 WL 1650768, at *1. For example, Davis's allegations that Judge Andrews's denial of his motion to dismiss for lack of subject-matter jurisdiction was "without explanation" and "unjustified" are far too vague and conclusory to overcome Judge Andrews's judicial immunity. *See Stump*, 435 U.S. at 357 n.7; *Harry*, 212 F. App'x at 347; *Wood*, 463 F. App'x at 361. Similarly, Davis's allegation that Judge Andrews "mocked and ridiculed" his "Special Appearance" and/or his motion cannot overcome her assertion of judicial immunity. *See Mireles v. Waco*, 502 U.S. at 11.

Accordingly, Judge Andrews is entitled to judicial immunity, and Davis's claims for money damages against Judge Andrews in her individual capacity are dismissed **WITH PREJUDICE** under Rule 12(b)(6). *See Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005)

(finding that district court's grant of motion to dismiss in favor of state-court judge under Rule 12(b)(6) was proper); *Morrison v. Walker*, 704 F. App'x 369, 372 (5th Cir. 2017) (explaining, in a case involving judicial immunity and qualified immunity, that although defendants moved to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court analyzed defendants' motions under the Rule 12(b)(6) standard "because the arguments for immunity are attacks on the existence of a federal cause of action").

## II.        Sovereign Immunity

### 1. Claims for Monetary Damages

Davis's federal claims for monetary damages against Judge Andrews in her official capacity are barred by sovereign immunity. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228; *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Section 1983 does not abrogate the states' Eleventh Amendment immunity). Accordingly, Davis's federal claims against Judge Andrews in her official capacity for monetary damages are thus dismissed without prejudice under Rule 12(b)(1) as barred by sovereign immunity. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019) ("Claims barred by sovereign immunity are dismissed without prejudice."); *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996) ("[C]laims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

## 2.  Claims for Prospective Injunctive Relief and the Younger Abstention Doctrine

In addition to his claims for monetary damages, Davis seeks various forms of injunctive relief related to his pending state-court case. For example, Davis seeks the dismissal of the state-court criminal case and an order from the Court " commanding [Judge Davis] and the chief judge to (1) take correctional classes about trial by jury; due process of law; constitutional rights; jurisdiction or as this Court deems appropriate classes" and (2)"[c]ompose a letter to the parties in the previous case addressing the mistakes and wrongfulness that misjudgment may cause." (Dkt. 6 at 9–10). Eleventh Amendment sovereign immunity does not shield state officials from claims seeking prospective injunctive relief against ongoing violations of federal law, S*ee Ex parte Young*, 209 U.S. 123, 155–56 (1908). Nevertheless, even assuming that Davis has adequately pled a legally cognizable claim against Judge Andrews, the Court finds that it must abstain from exercising jurisdiction over Davis's claims for injunctive relief.

The *Younger* abstention doctrine stands for the principle that "federal courts should not enjoin pending state criminal prosecutions unless the plaintiff shows bad faith, harassment, or any other unusual circumstances that would call for equitable relief, such as a flagrantly and patently unconstitutional state statute." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quotation marks omitted) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)); *Rickhoff v. Willing*, 457 F. App'x 355, 358 (5th Cir. 2012) ("According to *Younger*, federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to state proceedings pending at the time the

federal action was commenced.") (citing *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004)).

The *Younger* doctrine applies to three categories of state proceedings: "ongoing criminal prosecutions," "certain civil enforcement proceedings akin to criminal prosecutions," and "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Hood*, 822 F.3d at 222 (quotation marks and ellipsis omitted). "If state proceedings fit into one of these categories," then the *Younger* doctrine applies if there is: "(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." *Id.* (quotation marks and ellipsis omitted). The *Younger* doctrine requires dismissal of suits for injunctive and declaratory relief, but not suits for money damages. *Id.*; *see also Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995).

Here, abstention is appropriate because the state criminal proceeding is ongoing. *See State of Texas v. Davis, Quartneys Zontell*, Case No. 233860101010, County Criminal Court at Law No. 14 of Harris County, Texas (available at https://www.hcdistrictclerk.com /Edocs/Public/search.aspx) (last visited December 26, 2023).[2] Indeed, the state criminal proceeding was initiated on December 25, 2020, but Davis did not commence the instant federal action until April 21, 2023. *Id.* These proceedings implicate Texas's important interests in enforcement of its criminal laws. *See RTM Media, L.L.C. v. City of Houston*,

---

[2] Though the case status is listed as "Inactive Bond Forfeiture," it appears that that is because there is currently a "Warrant or Citation Issued" as to Davis as of October 10, 2023. *Id.*

584 F.3d 220, 228 & n.11 (5th Cir. 2009). Moreover, the state court proceedings provide an adequate forum to raise the federal challenges Davis brings in this suit, including his due process claims. *See Google*, 822 F.3d at 222.[3] Davis has not pled sufficient facts to show that any exception to the application of this doctrine would apply to his complaint. Accordingly, the Court will abstain from considering Davis's claims for prospective injunctive relief and they are dismissed without prejudice.

## III.      Supplemental Jurisdiction

Davis appears to assert claims under state law. For example, he appears to allege negligence, a due process violation "under the Texas Constitution Article 1, Section 19," and "deprivation of certain protections secured to Claimant by common law." (Dkt. 6 at 4, 6–8). Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

(1) the claim raises a novel or complex issue of State law;

---

[3] While the Court will apply the Rule 12(b)(1) standard to Davis's claims against Judge Andrews in her official capacity, the Court notes that it would follow the *Younger* doctrine and dismiss Davis's claims for injunctive relief under a Rule 12(b)(6) analysis as well. *See Blue Mint Pharmco, LLC v. Texas State Bd. of Pharmacy*, No. 4:22-CV-561, 2023 WL 2717265, at *6 n.5 (S.D. Tex. Mar. 30, 2023).

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Having considered the statutory and common-law factors, the Court will follow the general rule, decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and dismiss Plaintiffs' state-law claims without prejudice.

### IV Conclusion

Accordingly, it is **ORDERED** that Davis's federal claims against Judge Andrews in her individual capacity are **DISMISSED WITH PREJUDICE**; Davis's federal claims against Judge Andrews in her official capacity for monetary damages are **DISMISSED WITHOUT PREJUDICE;** Davis's claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE**; and Davis's state-law claims are **DISMISSED WITHOUT**

**PREJUDICE.** All other pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas on January 26, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE